COBB, Judge,
dissenting.
David Mann was convicted of unlawful breaking and entering of a motor vehicle, § 13A-8-11, Ala.Code 1975. The State presented a videotaped statement Mann had given to Sgt. Toomey. The tape was introduced through the testimony of another police officer, Sonny Banzaca; Toomey was unavailable because he was on military duty in Iraq with his National Guard Unit. Mann objected to the admission of the videotape on grounds that the State had failed to establish the proper predicate. The unpublished memorandum holds that Banzaca’s testimony was sufficient to meet the seven-prong standard for admission required by the “silent-witness” theory, Voudrie v. State, 387 So.2d 248 (Ala.Crim.App.1980). I disagree.
The “silent-witness” theory allows for the admission of a videotape, even without the testimony of a witness who observed the event, because another witness testifies as to the process by which the videotape was made, thus ensuring the trustworthiness and reliability of the videotape. The unpublished memorandum correctly states the seven-prong Voudrie standard, which requires certain proof:
1. The device or process that produced the videotape was capable of recording *135 what a witness would have seen or heard if he had been present.
2. The operator of the device or process was competent to operate it.
3. The resulting videotape was authentic and correct.
4. No changes, additions, or deletions were made.
5. The videotape was properly preserved.
6. The persons depicted on the videotape are identified.
7. Any statement made in a criminal case was voluntarily given. E.g., Straughn v. State, 876 So.2d 492, 503 (Ala.Crim.App.2003). Several of these requirements were not met in this case.
Banzaca testified that he had worked with Toomey for several years and that he recognized Toomey’s handwriting on the outside sleeve of the videotape. He also testified that the police department had placed a hidden video camera and microphone in a clock in the interview room so that interrogations could be recorded. Banzaca identified Toomey and Mann on the videotape. He also testified that “normally” a police officer would advise a defendant of his constitutional rights before questioning began. Finally, Banzaca testified that he had obtained the videotape from a secured locker in the evidence room at the police department.
I disagree with the conclusion in the unpublished memorandum that Banzaca’s testimony was sufficient to satisfy the Voudrie requirements. Banzaca did not testify that Toomey was competent to operate the videotaping equipment or that the videotape offered at trial was authentic and correct. Banzaca also did not testify that the videotape had not been changed in any way. Finally, Banzaca did not testify that Mann’s statement had been voluntarily made, without any coercion. The State failed to establish four of the seven requirements of the “silent-witness” theory.
I am sympathetic to the State’s dilemma here, because of Toomey’s unavailability as a result of his military service. However, Toomey’s unavailability in no way eliminates the State’s obligation to satisfy the Voudrie requirements under the “silent-witness” theory. The State did not satisfy the requirements, and the trial court erred when it admitted the videotape.
For the foregoing reasons, I dissent.